UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JOE D. ADAMS, JR. | § |
| | § |
| V. | §   Case No. 5:25CV145-RWS-JBB |
| | § |
| DOUGLAS E. THOMPSON, MD, ET AL. | § |

### ORDER

This case is set for a telephone scheduling conference on **October 15, 2025, at 10:00 a.m.** before U. S. Magistrate Judge J. Boone Baxter. **Counsel and all unrepresented parties must appear via telephone. Number: 571-353-2301, Guest ID: 870645889.** The purpose of the scheduling conference will be to confirm the trial setting and to resolve any case management disputes or concerns.[1]

Parties that are proceeding without an attorney are bound by the requirements imposed upon counsel in this Order.

Defendants' counsel must immediately notify the Court upon settlement.

**No later than one week before the scheduling conference**, the parties shall file a Joint Conference Report that reflects the parties' case management plan.[2]

The Joint Conference Report must also contain the following information:

a. State where and when the conference among the parties required by Federal Rule of Civil Procedure 26(f) was held, identify the counsel who attended for each party, including name, address, bar number, phone numbers, and email address, and, if

---

[1] Prior to the scheduling conference, counsel and unrepresented parties should review the most recent versions of the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas and the undersigned's standing orders. The local rules and standing orders are available on the Court's website (www.txed.uscourts.gov).

[2] Timely submission of the parties' joint conference report with attached proposed docket control order and proposed discovery order will be viewed by the Court as complying with the conference requirement of Rule 26(f).

    applicable, identify the counsel and any unrepresented person(s) who will appear at the Scheduling Conference on behalf of the parties.

b. List the correct names of the parties to this action.

c. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related.

d. Briefly describe in 3 paragraphs or less: (a) What this case is about and (b) Each claim or defense.

e. Specify the basis of federal jurisdiction.

f. Identify the parties who disagree with Plaintiff's jurisdictional allegations and state the reasons for disagreement.

g. List anticipated additional parties that may be included, when they might be added and by whom.

h. State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(B).

i. If the parties disagree on any part of the discovery plan or case schedule, describe the opposing views.

j. State whether the parties request entry of a Protective Order or E-Discovery Order to govern this case.

k. State the progress made toward settlement, if any, and the present status of settlement negotiations.

l. If the parties have already agreed on a specific mediator, state the name and address of the mediator and at what stage of the litigation mediation would be most appropriate. In the event the parties are not able to agree at this time on whether they want to mediate and/or on the name of a specific mediator, the Court notes that its sample docket control order provides a deadline for the parties to inform the Court as to whether they agree to mediate, and if so, to file a joint motion indicating a deadline for such mediation and also whether the parties have agreed upon a mediator.

m. State whether a jury demand has been made and if it was made on time.

n. Specify the approximate number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case.

o. List all pending motions.

    p.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference. **The parties shall also advise as to whether they think the telephone scheduling conference is warranted or whether the Court can enter the parties' proposals without having the scheduling conference.**

The parties shall prepare and attach to the Joint Conference Report a joint proposed docket control order (with dates included) and a joint proposed discovery order. The parties may also submit a joint proposed protective order. The parties shall use the sample orders for non-patent cases that can be found on the undersigned's website. To the extent the parties request changes to the sample orders, the parties should also submit a second redlined version of any such proposed orders showing deviations from the sample orders. To the extent the parties intend to engage in e-discovery, the parties are encouraged to submit an e-discovery order similar to the one under the Patent Documents tab on the undersigned's website.

The sample orders include provisions that require input from the parties. The sample orders also include provisions that are mandatory and are not subject to change without showing good cause. Good cause shall not be considered to be met simply by an indication of the parties' agreement. Should either party believe good cause can be shown to alter an otherwise mandatory provision, then such party shall indicate its position within the Joint Conference Report.

Furthermore, it is hereby **ORDERED** that the following schedule of deadlines shall be incorporated into the proposed docket control order:

| Jury Selection and Trial | *September 28, 2026 at 9:00 a.m. in Texarkana, TX before U.S. District Judge Robert W. Schroeder, III. |
|---|---|
| Pre-trial Conference | *September 9, 2026 at 10:00 a.m. in Texarkana, TX before U.S. Magistrate Judge J. Boone Baxter. |
| Dispositive Motion Deadline | *April 30, 2026 |

| 7 Days Before Scheduling Conference | File Proposed Docket Control Order, Proposed Discovery Order, and Protective Order (if applicable) attached as exhibits to the Joint Conference Report. Any disputes should be redlined and each party's position explained. |
|---|---|

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

**IT IS SO ORDERED.**

SIGNED this the 29th day of September, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE