IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JOE D. ADAMS, JR., <br><br> Plaintiff, <br><br> v. <br> DOUGLAS E. THOMPSON MD, COLLOM & CARNEY CLINIC ASSOCIATION, A TEXAS PROFESSIONAL ASSOCIATION, STEWARD HEALTH CARE SYSTEM LLC, WADLEY REGIONAL MEDICAL CENTER D/B/A CHRISTUS HEALTH – PINE STREET, <br><br> Defendants. | Civil Action No.: 5:25cv145-RWS-JBB |

**DEFENDANTS' MOTION TO QUASH, TO ESTABLISH DEPOSITION ORDER, AND TO AMEND THE DOCKET CONTROL ORDER**

Defendants Douglas Thompson, MD ("Dr. Thompson") and Collom & Carney Clinic Association ("Collum & Carney) (collectively, "Defendants") file this Motion to Quash Plaintiff's Unilateral Deposition Notice, Establish Deposition Order, and to Amend the Docket Control Order and respectfully show the Court as follows:

**I.
SUMMARY OF ARGUMENT**

This is a healthcare liability case arising out of Plaintiff Joe Adams's ("Plaintiff") allegation that Defendants breached the standard of care with respect to a hip surgery performed on Plaintiff. On October 15, 2025, this Court signed a Discovery Order governing this matter.[1] By

---

[1] Discovery Order, Dkt. 50.

December of 2025, Plaintiff and his counsel failed to comply.[2] Specifically, Plaintiff failed to execute an authorization for Defendants to obtain Plaintiff's medical and billing records—critical documentation in a healthcare liability matter—as required by the Court's Order.[3]

Pursuant to the Discovery Order, the authorization should have been executed and delivered to Defendants within thirty days of the Scheduling Conference, which occurred on October 15, 2025.[4] Over sixty days after the Scheduling Conference, in December of 2025, Defendants were forced to send a discovery deficiency letter to Plaintiff requesting the authorization that Plaintiff failed to timely provide.[5]

Without access to Plaintiff's medical records—which Plaintiff put directly at issue by bringing this healthcare liability claim—Defendants could neither depose Plaintiff nor begin the process of scheduling his deposition. Without the required authorization in hand Defendant had no way of even estimating the time it would take to obtain Plaintiffs' medical records before obtaining his testimony. Plaintiff failed to authorize access to his medical records until January 23, 2026, ***two months after*** the authorization was originally due.[6]

After making it impossible for Defendants to appropriately schedule Plaintiffs' deposition, on January 16, 2026—before a medical authorization was even provided—Plaintiff requested to take the deposition of Defendant Thompson.[7] In a conferral meeting the next business day, Defendants explicitly informed Plaintiff that Defendants would not present Dr. Thompson for deposition until after Plaintiff had been deposed, which could not occur until Plaintiff authorized

---

[2] Deficiency Letter to Plf.'s Counsel, Ex. A, 1.
[3] *Id*.; Discovery Order, Dkt. 50, 1–2.
[4] Minute Entry for Scheduling Conference, Dkt. 52.
[5] Deficiency Letter to Plf.'s Counsel, Ex. A, 1.
[6] Executed Authorization, Ex. B.
[7] Jan. 16 Letter from Pl., Ex. C.

Defendants to obtain his medical records.[8] Additionally, Defendants offered to depose Plaintiff promptly upon receipt of Plaintiff's medical records and to present Dr. Thompson for deposition within a week after completion of Plaintiff's deposition.[9] Plaintiff's Counsel raised no issues with Plaintiff being deposed first and made no attempt to seek specific dates for upcoming depositions.[10]

Just two days after the conferral meeting and without any further correspondence, Plaintiff unilaterally noticed Dr. Thompson's deposition with full knowledge of Defendants' position on deposition scheduling and the necessity of the underlying medical records.[11] At this point, Defendants still had not received Plaintiff's authorization and therefore could not begin the process of scheduling Plaintiff's deposition.[12] Via email, Defendants reminded Plaintiff of the issue and again requested that Plaintiff authorize access to his medical records.[13] Defendants also reiterated their willingness to conduct Dr. Thompson's deposition promptly upon receiving relevant medical records and conducting Plaintiff's deposition:

> On Jan 22, 2026, at 7:46 PM, Madison Gaona <madison.gaona@nortonrosefulbright.com> wrote:
>
> Counsel,
>
> As communicated to you during our meet and confer earlier this week, we will need Mr. Adams deposition prior to presenting Dr. Thompson. However, the ongoing refusal to provide an authorization for Mr. Adams medical records is directly obstructing this effort. Once we receive a proper authorization and can obtain a fulsome picture of Mr. Adam's medical records, we are happy to proceed into depositions, beginning with Plaintiff. We are agreeable to putting up Dr. Thompson shortly thereafter.
>
> As repeatedly requested in both letter and email correspondence, provide the requested authorization for Mr. Adams at your earliest availability to avoid further delays.
>
> Best,
> Madison

---

[8] Decl. of Madison Gaona, Ex. D, ¶ 3-4.
[9] *Id*. at ¶ 4.
[10] *Id*. at ¶ 5.
[11] Thompson Notice of Dep., Ex. E; Gaona Decl., Ex. D, ¶ 6.
[12] Thompson Notice of Dep., Ex. E; Gaona Decl., Ex. D, ¶ 6.
[13] Jan. 22 Email from Defs., Ex. F.

DEFENDANTS' THOMPSON AND COLLOM & CARNEY'S
MOTIONS TO QUASH, ESTABLISH DEPOSITION ORDER,
AND EXTEND DISCOVERY DEADLINE

PAGE 3 OF 11

Despite Defendants' attempt to offer a reasonable compromise to Plaintiff, Plaintiff doubled down, refusing to shift the scheduling of Dr. Thompson's deposition.[14] Specifically, Plaintiff Counsel stated via email the following:

> If there is any "universally accepted" practice, it exists only because defense counsel typically requests the plaintiff's deposition first. You did not. We attempted to coordinate dates for Dr. Thompson's deposition, and you declined to provide any. As a result, we issued the notice. Even then, we made clear that we were willing to adjust the date to accommodate Dr. Thompson's schedule.
>
> The discovery deadline is approaching, and we have other matters requiring our attention. We cannot delay depositions in this case while you continue your review of Mr. Adams' medical records. We will proceed and take the non-appearance of your client. If you wish to present your position to the Court before then, you are free to do so.
>
> Very truly yours,
>
> **Bart Dalton**
> Brozynski & Dalton, PC

Here, Plaintiff repeatedly refused—without explanation—to execute an authorization allowing Defendants to obtain Plaintiff's medical records in violation of this Court's Discovery Order and over the repeated urging of Defendants and attempts to compromise. This refusal resulted in undue delay to the entire discovery process and caused the very situation Plaintiff now seeks to turn to his unfair advantage.

Plaintiff attempts to benefit from his bad faith delays by deposing Dr. Thompson before Defendants have an opportunity to obtain Plaintiff's records and without Plaintiff's own deposition testimony. As a result, Defendants have been forced to ask this Court to quash the deposition notice of Dr. Thompson, to establish the order of depositions, and to extend the discovery deadlines in light of the Plaintiff's delay.

Thus, the Court should grant this Motion to Quash the Plaintiff's Unilateral Deposition Notice for Dr. Thompson in light of Plaintiff's violation of both the Court's Discovery Order and

---

[14] Jan. 26 Email from Defs., Ex. G.

Local Rule AT-3(h). Additionally, the Court should grant this Motion to Establish Deposition Order and order that the Plaintiff's deposition precede the deposition of Dr. Thompson pursuant to the Court's power under Federal Rule of Civil Procedure 26(d)(3). Finally, the Court should grant this Motion to Amend the Docket Control Order pursuant to its power under Federal Rule of Civil Procedure 16(b)(4) because good cause exists for such amendments.

## II.
## MOTION TO QUASH PLAINTIFF'S UNILATERAL DEPOSITION NOTICE

At a bare minimum, the Court should quash Plaintiffs' unilateral deposition notice to Dr. Thompson. The date was selected with no consultation or coordination with Defense Counsel. It is not a workable date for Defense Counsel due to conflicting engagements on other litigation matters. Even after these facts had been brought to Plaintiff's Counsel's attention, Counsel refused to voluntarily withdraw the notice.[15] Plaintiff's Counsel's unprofessional conduct has left Defendant with no option but to seek Court intervention on an issue that ordinarily would be handled by agreement as a matter of course. Given Plaintiff's bad faith and unjustifiable delay in providing Plaintiff's authorization and refusal to compromise with Defendants, Defendants ask the Court to quash Plaintiff's unilateral notice of deposition for Dr. Thompson until Defendants are able to obtain Plaintiff's medical records and depose Plaintiff.

## III.
## MOTION TO ESTABLISH DEPOSITION ORDER

Defendants also ask the Court to order that the deposition of Plaintiff precede the deposition of Dr. Thompson, pursuant to the Court's power under Rule 26(d)(3) to control the sequence of discovery in the interests of justice. Fed. R. Civ. P. 26(d)(3). Plaintiff attempts to rely on the fact that he noticed Dr. Thompson's deposition "first." This is not an adequate justification

---

[15] Jan. 26 Email from Pl., Ex. H.

when contextualized with Plaintiff's obstruction of basic discovery. First, Defendants made multiple attempts to obtain the authorization necessary to order records and, promptly thereafter, depose Plaintiff. Thus, Plaintiff effectively prevented Defendants from proceeding into depositions.

Second, Plaintiff not only violated the Court's Discovery Order, he also ignored written requests by the Defendants to execute the authorization. Plaintiff cannot force Dr. Thompson's deposition while simultaneously obstructing basic discovery that he himself put at issue.

Third, Defendants have attempted to find middle ground on this issue, offering to depose Plaintiff within seven business days of receiving Plaintiff's records and to present Dr. Thompson for deposition only seven business days after Plaintiff's deposition. Despite this, Plaintiff has refused to resolve the issue or offer to compromise without the Court's intervention. As a result, Defendants ask the Court to order that Plaintiff's deposition take place prior to the deposition of Dr. Thompson.

While there is no black letter rule that a plaintiff be deposed first in healthcare liability tort litigation, any honest practitioner will admit that it is the universal practice. Fundamental fairness demands that the party bringing the lawsuit and bearing the burden of proof provide his testimony first, for reasons akin to those that compel that party to designate experts first. This is particularly true in a case like this where interactions between the plaintiff and the party defendant are key components of the claims made. Allowing Plaintiff to manipulate discovery to delay Mr. Adams's deposition, then depose Dr. Thompson first for the quintessentially juvenile reason that "we asked first" would both reward unprofessional behavior and unduly and unfairly prejudice Dr. Thompson.

# IV.
# MOTION TO AMEND THE DOCKET CONTROL ORDER

Because Plaintiff has caused significant delay within an already tight timeline, in the interest of justice to all parties, Defendants ask the Court to extend the discovery deadline sixty days from April 2, 2026 to June 1, 2026, and extend the deadlines by thirty days for Document Production (February 5, 2026 to March 9, 2026) and Expert Designations (for Plaintiffs, from February 19, 2026 to March 23, 2026; for Defendants from March 23, 2026 to April 22, 2026). As a result of these extensions, the deadlines for identification of witnesses, amendment of pleadings, identification of rebuttal witnesses, responses to amended pleadings, and remaining dispositive motions should be extended by sixty days.[16] Critically, no dates beyond the deadline for dispositive motions will be impacted by this amendment, leaving pre-trial and trial to occur per the schedule announced in the Docket Control Order.[17]

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause. To determine if good cause exists under Rule 16(b)(4), Courts generally look to the following four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

Defendants have shown that good cause exists for extension of the discovery deadlines based on the four relevant factors. First, Defendants will be unable to comply with the current Docket Control Order because of Plaintiff's unjustified, bad-faith refusal to timely authorize retrieval of Plaintiff's medical records. Because Plaintiff sent the authorization to Defendants on

---

[16] Proposed Docket Control Order with Amended Dates, Ex. I.
[17] *See Id.*

January 23, 2026—months after their disclosure deadline and a month after Defendants' deficiency letter—Defendants lost months of time to retrieve and review key records.

As for the second and third factor, the requested extension is critical to conducting sufficient discovery for a trial on the merits and would not result in any prejudice to the Plaintiff. Specifically, extension of the requested deadlines would allow Defendants reasonable opportunity to obtain Plaintiff's medical records and conduct Plaintiff's deposition. Plaintiff will suffer no prejudice, as all requested extensions would apply equally or reciprocally to Plaintiff. Finally, the fourth factor also tends to show good cause for an extension exists because the requested extension can be granted without affecting the current trial date, eliminating the need for a continuance.

In sum, there is good cause to extend the Document Production, Expert Designations, and Discovery deadlines in the Docket Control Order. Plaintiff's conduct—unjustifiably refusing to provide authorization and refusing to confer on deposition scheduling—endangers the current discovery deadline. Additionally, Defendants already raised objections to the discovery deadline at the Rule 26 Scheduling Conference on the grounds that the discovery period is unnecessarily short (set to terminate on April 2, 2026) given the September trial date. As a result, the Court should grant this Motion to Amend the Docket Control Order and extend the time for the requested deadlines in the current Docket Control Order.

## V.
## PRAYER

For the foregoing reasons, the Defendants respectfully request that the Court:

1. Grant this Motion and quash the deposition of Dr. Thompson;

2. Order that the deposition of Plaintiff occur prior to the deposition of Dr. Thompson;

3. Extend the deadline for document production and expert designations at least thirty days,

4. Extend the deadline for close of discovery and the correlating deadlines for identification of trial witnesses, amendment of pleadings, identification of rebuttal witnesses, remaining dispositive motions, and responses to amended pleadings at least sixty days; and

5. Grant any such relief that justice may require.

Dated: February 5, 2026          Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By:    */s/ Kevin W. Yankowsky*
Kevin Yankowsky
kevin.yankowsky@nortonrosefulbright.com
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Fax: (210) 270-7205

Madison Gaona
madison.gaona@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

Bertina Buran York
bertina.york@nortonrosefulbright.com
111 W. Houston Street, Suite 1800
Frost Bank Tower
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

*Attorneys for Defendants Douglas E. Thompson MD and Collom & Carney Clinic Association*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 5, 2026, the undersigned attorney electronically filed the foregoing Motion with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept such notice as service of this document by electronic means.

                               */s/ Madison Gaona*
                                 Madison Gaona

## CERTIFICATE OF CONFERENCE

      The undersigned hereby certifies that all counsel of record had met and conferred in accordance with Local Rule CV-7(h) via email on January 27, 2025. During that exchange, Kevin Yankowsky, counsel for Defendants Douglas Thompson, MD, and Collom & Carney Clinic Association, and counsel for Plaintiff, Kasia Brozynski, could not reach an agreement as to the scheduling of Dr. Thompson's deposition. The discussion conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                                */s/  Madison Gaona*
                                                  Madison Gaona